NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 17 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MISAEL VILLA GUZMAN,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.    20-72205

Agency No. A205-317-346

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2023[**]
Pasadena, California

Before: WALLACE, HURWITZ, and BADE, Circuit Judges.

Misael Villa Guzman, a native and citizen of Mexico, petitions for review of

the summary affirmance by the Board of Immigration Appeals ("BIA") of an order

by an immigration judge ("IJ") denying withholding of removal and protection

under the Convention Against Torture ("CAT"). We have jurisdiction under 8

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

U.S.C. § 1252.  Because the BIA affirmed without an opinion, we review the IJ's decision.  *Lanza v. Ashcroft*, 389 F.3d 917, 919 (9th Cir. 2004).  We review the IJ's factual findings for substantial evidence and legal questions de novo.  *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020).  We deny the petition for review.[1]

1.  Substantial evidence supports the IJ's denial of withholding of removal based on her finding that Villa Guzman failed to prove it is more likely than not that he would be persecuted on account of a protected ground if removed to Mexico.  *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (holding that an applicant must generally prove an individualized risk of persecution to establish eligibility for withholding).  Because the lack of a nexus to a protected ground is fatal to Villa Guzman's withholding claim, *see Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016), we need not consider the IJ's additional finding that Villa Guzman also failed to establish that he is part of a cognizable particular social group.

2.  Substantial evidence supports the IJ's denial of Villa Guzman's CAT claim.  The record does not compel the conclusion that it is more likely than not that Villa

---

[1] Villa Guzman does not challenge the agency's denial of asylum.  *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (explaining that failure to contest issue in opening brief results in waiver).

Guzman would be tortured if returned to Mexico. *See Delgado-Ortiz*, 600 F.3d at 1152; *Almaghzar v. Gonzales*, 457 F.3d 915, 922–23 (9th Cir. 2006) (holding that, while country conditions evidence confirmed that torture occurred, it did not compel a finding that petitioner was more likely than not to be tortured).

**PETITION FOR REVIEW DENIED.**